UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| TERESA MOWERY and <br> GREGORY RUTLEDGE, <br> On Behalf of Themselves and All Others <br> Similarly Situated, <br><br> Plaintiffs, <br><br> v. <br><br> SAINT FRANCIS HEALTHCARE SYSTEM, <br><br> Defendant. | Case No. 1:20-cv-00013-SRC |

**Order Granting Preliminary Approval of Class Action Settlement**

This matter came before the Court on Plaintiffs' Unopposed Motion for Preliminary Approval of Class Settlement Agreement [Doc. 32]. Plaintiffs, individually and on behalf of the proposed Settlement Class, and Defendant have entered into a Settlement Agreement (the "Settlement Agreement") that settles the above-captioned litigation. In September 2019, Saint Francis became aware that a legacy computer network used by Ferguson Medical Group, LP (a medical group Saint Francis previously acquired) was under a ransomware attack. Saint Francis was able to restore access to most records, but ultimately could not restore access to records for services provided at Ferguson Medical Group between September 20, 2018, and December 31, 2018. The virus also encrypted and locked away any documentation that had been scanned into the legacy system, regardless of date.

On January 23, 2020, Theresa Mowery and Gregory Rutledge ("Plaintiffs" or "Class Representatives") filed their complaint in this Court, alleging: (1) negligence; (2) intrusion upon seclusion/invasion of privacy; (3) breach of express contract; (4) breach of implied contract; (5) negligence per se; (6) breach of fiduciary duty; and (7) violation of the Missouri Merchandise Practices Act.

According to the Complaint, Saint Francis's electronic records system was accessed in an unauthorized manner by a third party on or about September 2019, which resulted in the exposure of

patients' personally identifiable and/or protected health information. The information allegedly exposed included names, addresses, phone numbers, and email addresses; dates of birth; demographic information; social security numbers; information relating to individual medical history; insurance information; information concerning individuals' medical providers; photo identification; employer information; and other information required to provide care. The complaint does not allege that the third party had access to credit cards or financial account information.

The parties, through their counsel, have entered into a Settlement Agreement following good faith, arm's-length negotiations and a mediation overseen by Hon. Morton Denlow (Ret.) of JAMS. The Parties have agreed to settle this action, pursuant to the terms of the Settlement Agreement, and subject to the approval and determination of the Court as to the fairness, reasonableness, and adequacy of the Settlement which, if approved, will result in dismissal of this action with prejudice.

Having reviewed the Settlement Agreement, including the exhibits attached thereto, and all prior proceedings herein, and for good cause shown, it is hereby ordered that Plaintiffs' Unopposed Motion for Preliminary Approval is granted as set forth herein.[1]

### 1.      Class Certification for Settlement Purposes Only.

For settlement purposes only, the Court provisionally certifies a Settlement Class in this matter defined s follows:

> All individuals whose Private Information was received, gathered, shared, obtained, or otherwise found itself in the possession of Saint Francis Medical Center and potentially impacted by the cybersecurity incident involving the legacy systems of Ferguson Medical Group discovered on or about September 21, 2019 (the "Ransomware Attack" or "Incident").

The Settlement Class specifically excludes: (i) Defendant's officers, directors, and employees; (ii) any entity in which Defendant has a controlling interest; (iii) the affiliates, legal representatives, attorneys, successors, heirs, and assigns of Defendant; and (iv) are members of the judiciary to whom this case is assigned, their families and members of their staff.

---

[1] Unless otherwise indicated, capitalized terms used herein have the same meaning as they are assigned in the Settlement Agreement.

2

The Court provisionally finds, for settlement purpose only, that: (a) the Settlement Class is so numerous that joinder of all Settlement Class Members would be impracticable; (b) there are issues of law and fact common to the Settlement Class; (c) the claims of Settlement Class Representatives are typical of and arise from the same operative facts and seek similar relief as the claims of Settlement Class Members; (d) the Settlement Class Representatives and Settlement Class Counsel will fairly and adequately protect the interests of the Settlement Class as the Settlement Class Representatives have no interests antagonistic to or in conflict with the Settlement Class and has retained experienced and competent counsel to prosecute this matter on behalf of the Settlement Class; (e) questions of law or fact common to Settlement Class Members predominate over any questions affecting only individual members; and (f) a class action and class settlement is superior to other methods available for a fair and efficient resolution of this controversy.

2. **Settlement Class Representatives and Settlement Class Counsel.**

Theresa Mowery and Gregory Rutledge are hereby provisionally designated and appointed the Settlement Class Representatives. The Court provisionally finds that the Settlement Class Representatives are similarly situated to absent Class Members and therefore typical of the Class and that they will be adequate Settlement Class Representatives.

The Court further finds that the following counsel are experienced and adequate counsel and are hereby provisionally designated as Settlement Class Counsel pursuant to Federal Rule of Civil Procedure 23(g): Gary E. Mason and Gary M. Klinger of Mason Lietz & Klinger, LLP.

3. **Preliminary Settlement Approval.**

Upon preliminary review, the Court concludes and finds that the proposed Settlement is fair, reasonable, and adequate to warrant providing Notice of the Settlement to the Settlement Class and accordingly is preliminarily approved

4. **Jurisdiction.**

The Court concludes that it has subject matter and personal jurisdiction over the Parties before it for purposes of Settlement. Additionally, venue is proper in this Court as a substantial portion of the acts and transactions complained of occurred in this District.

5. **Final Approval Hearing.**

A Final Approval Hearing shall be held on November 17, 2020 at 1:00 p.m. in the District Court for the Eastern District of Missouri, Cape Girardeau Division, at 555 Independence Street, Cape Girardeau, MO 63703, Courtroom 4A, to determine, among other things, whether: (a) this matter should be finally certified as a class action for settlement purposed pursuant to Rule 23(b)(3) and (e); (b) the Settlement should be finally approved as fair, reasonable, and adequate pursuant to Rule 23(2); (c) the action should be dismissed with prejudice pursuant to the terms of the Settlement Agreement; (d) Settlement Class Members should be bound by the Release set forth in the Settlement Agreement; (e) the motion of Settlement Class Counsel for an award of attorneys' fees, costs, and expenses (the "Fee Request") should be approved; and (f) Plaintiffs' motion for incentive awards for Settlement Class Representatives ("the Incentive Award Request") should be approved.

The Incentive Award Request and Fee Request shall be filed with the Court at least 14 days prior to the deadline for Settlement Class Members to object or exclude themselves from the Settlement. Plaintiffs' Motion for Final Approval of the Settlement shall be filed at least 14 days prior to the Final Approval Hearing. By no later than 14 days prior to the Final Approval Hearing, the Parties shall file responses, if any, to any objections, and replies in support of the Incentive Award and Fee Request.

6. **Administration.**

The Court appoints Epiq as the Settlement Administrator, with responsibility for class notice and claims administration and to fulfill the duties of the Settlement Administrator as set forth in the

Settlement Agreement. Defendant shall pay all costs and expenses associated with providing notice to Settlement Class Members separate and apart from the Settlement Fund, including but not limited to, the Settlement administrator's fees, as well as the costs associated with administration of the Settlement.

**7. Notice to the Class.**

The Notice Program set forth in the Settlement Agreement, and the Claim Form, Short-Form Notice, Long-Form Notice, and Email Notice attached to the Settlement Agreement as Exhibits A, B, C, and D satisfy the requirements of Rule 23(c)(2), provide the best notice practicable under the circumstances, and are hereby approved. Non-material modifications to these Exhibits may be made without further order of the Court. The Settlement Administrator is directed to carry out the Notice Program in conformance with the Settlement Agreement.

Within **14 days** of entry of this Preliminary Approval Order (the "Notice Deadline"), the Settlement Administrator shall complete the Notice Program in the manner set forth in Section IX of the Settlement Agreement.

**8. Findings and Conclusions Concerning Notice.**

The Court finds that the form, content, and method of giving notice to the Settlement Class as described in Section 7 of this Order and the Settlement Agreement (including the exhibits thereto): (a) will constitute the best practicable notice to the Settlement Class; (b) are reasonably calculated to apprise the Settlement Class Members of the pendency of the action, the terms of the proposed Settlement, including but not limited to their rights to object to or exclude themselves from the proposed Settlement and other rights under the terms of the Settlement Agreement; (c) are reasonable and constitute due, adequate, and sufficient notice to all Class Members and other persons entitled to receive notice; and the Court concludes that the Notice Program meets all applicable requirements of law, including Rule 23 (c) and (e) and the Due Process Clause(s) of the United States Constitution.

The Court further finds that the Notice is written in plain language, uses simple terminology, and is designed to be readily understandable by Class Members.

9. **Exclusion from the Class**.

Any Settlement Class Member who wishes to be excluded from the Settlement Class must express their wish to be excluded in writing via mail or via electronic submission through the Settlement Website.  The request for exclusion must be sent or postmarked no later than **60 days from the entry of this Order** (the "Opt-Out/Objection Period"). The written notification must include the Settlement Class Member's name, address, and telephone number; the name and number of this case; a statement that he/she wishes to be excluded from the Settlement Class; and a signature of the individual or a person previously authorized by law, to act on behalf of the individual with respect to the claims asserted in this action.

The Settlement Administrator shall provide the Parties a final list of all who have timely and validly excluded themselves from the Settlement Class within three business days of the close of the Opt-Out/Objection Period. A list reflecting all individuals who timely and validly executed requests for exclusion shall also be filed with the Court at the time of the motion for final approval of the Settlement.

Any Settlement Class Member who does not timely and validly exclude herself or himself from the Settlement shall be bound by the terms of the Settlement Agreement. If Final Order and Judgment is entered, any Settlement Class Member who has not submitted a timely, valid written notice of exclusion from the Settlement Class shall be bound by all proceedings, orders, and judgments in this matter, including but not limited to the Release set forth in the Final Order and Judgment, including Settlement Class Members who have previously initiated or who subsequently initiate any litigation against any or all of the Released Persons relating to the claims and transactions released in the Settlement Agreement. All Settlement Class Members who submit valid and timely notices of exclusion from the Settlement Class shall not be entitled to receive any benefits of the Settlement.

**10. Objections and Appearances.**

A Settlement Class Member who complies with the requirements of this paragraph may object to the Settlement, the Incentive Award Request, or the Fee Request.

No Settlement Class Member shall be heard, and no papers, briefs, pleadings, or other documents submitted by any Settlement Class Member shall be received and considered by the Court, unless the objection is (a) filed with the Court by the Objection Date; and (b) mailed to Settlement Class Counsel and Defendant's Counsel at the addresses listed in the Notice, postmarked on or before the close of the Opt-Out/Objection Period, as specified by the Notice. For an objection to be considered by the Court, the objection must also include all of the information set forth in Section XI of the Settlement Agreement, which is as follows:

   i)   his/her full name, address and current telephone number;
   ii)  the name and number of this case;
   iii) all grounds for the objection, with factual and legal support for the stated objection, including any supporting materials;
   iv)  the identification of any other objections he/she has filed, or has had filed on his/her behalf, in any other class action cases in the last four years; and
   v)   the objector's signature.

Any Settlement Class Member who fails to comply with the provisions in this Section may waive and forfeit any and all rights he or she may have to object, and shall be bound by all the terms of the Settlement Agreement, this Order, and by all proceedings, orders, and judgments in this matter, including, but not limited to, the release in the Settlement Agreement if Final Order and Judgment is entered.

If represented by counsel, the objecting Settlement Class Member must also provide the name and telephone number of his/her counsel. If the objecting Settlement Class Member intends to appear at the Final Approval Hearing, either with or without counsel, he/she must state as such in the written

objection, and must also identify any witnesses he/she may call to testify at the Final Approval Hearing and all exhibits he/she intends to introduce into evidence at the Final Approval Hearing, which must also be attached to, or included with, the written objection.

If Final Order and Judgment is entered, any Settlement Class Member who fails to object in the manner prescribed herein shall be deemed to have waived his or her objections and shall be forever barred from making any such objections in this action or in any other proceeding or from challenging or opposing, or seeking to reverse, vacate, or modify any approval of the Settlement Agreement, the Incentive Award Request, or the Fee Request.

**11. Claims Process and Distribution and Allocation Plan**.

Settlement Class Representatives and Defendant have created a process for assessing and determining the validity and value of claims and a payment methodology to Settlement Class Members who submit a timely, valid Claim Form. The Court preliminarily approves the plan for remuneration described in Section V of the Settlement Agreement and directs that the Settlement Administrator effectuate the distribution of Settlement consideration according to the terms of the Settlement Agreement, should the Settlement be finally approved.

Settlement Class Members who qualify for and wish to submit a Claim Form shall do so in accordance with the requirements and procedures specified in the Notice and the Claim Form. If Final Order and Judgment is entered, all Settlement Class Members who qualify for any benefit under the Settlement but fail to submit a claim in accordance with the requirements and procedures specified in the Notice and the Claim Form shall be forever barred from receiving any such benefit, but will in all other respects be subject to and bound by the provisions in the Settlement Agreement, the Release included in that Settlement Agreement, and the Final Order and Judgment.

**12. <u>Termination of Settlement</u>**.

This Order shall become null and void and shall be without prejudice to the rights of the Parties, all of whom shall be restored to their respective positions existing as of the date of the execution of the Settlement Agreement if the Settlement is not finally approved by the Court or is terminated in accordance with the Settlement Agreement. In such event, the Settlement and Settlement Agreement shall become null and void and be of no further force and effect, and neither the Settlement Agreement nor the Court's orders, including this Order, relating to the Settlement shall be used or referred to for any purpose whatsoever.

**13. <u>Use of Order.</u>**

This Order shall be of no force or effect if Final Order and Judgment is not entered or there is no Effective Date and shall not be construed or used as an admission, concession, or declaration by or against Defendant of any fault, wrongdoing, breach, liability, or the certifiability of any class.

Nor shall this Order be construed or used as an admission, concession, or declaration by or against the Settlement Class Representative or any other Settlement Class Member that his or her claim lacks merit or that the relief requested is inappropriate, improper, unavailable, or as a waiver by any Party of any defense or claim he, she, or it may have in this litigation or in any other lawsuit.

**14. <u>Stay of Proceedings.</u>**

Except as necessary to effectuate this Order, all proceedings and deadlines in this matter are stayed and suspended pending the Final Approval Hearing and issuance of the Final Order and Judgment, or until further order of this Court.

**15. <u>Continuance of Hearing.</u>**

The Court reserves the right to adjourn or continue the Final Approval Hearing and related deadlines without further written notice to the Settlement Class. If the Court alters any of those dates

or times, the revised dates and times shall be posted on the website maintained by the Settlement Administrator.

### 16. Summary of Deadlines.

The preliminary approved Settlement shall be administered according to its terms pending the Final Approval Hearing.  Deadlines arising under the Settlement Agreement and this Order include but are not limited to:

**Notice Completion Deadline:** 14 Days after Preliminary Approval

**Deadline to Opt-Out/Object from Settlement:** 60 Days after Preliminary Approval

**Motion for Incentive Awards, Attorneys' Fees and Costs Deadline:** 14 Days Prior to Deadline to Opt-Out/Object

**Motion for Final Approval Deadline:** 14 Days prior to the Final Approval Hearing

**Replies in Support of Incentive Awards, Attorneys' Fees and Costs:** 14 Days Prior to the Final Approval Hearing

**Final Approval Hearing:** November 17, 2020

**Claims Deadline:** 14 Days After Final Approval Order is Entered

IT IS SO ORDERED this 17th day of August, 2020.

_____
**STEPHEN R. CLARK**
**UNITED STATES DISTICT JUDGE**