**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**CAPE GIRARDEAU DIVISION**

| | | |
|---|---|---|
| **TERESA MOWERY and** | : | |
| **GREGORY RUTLEDGE,** | : | |
| **On Behalf of Themselves and** | : | |
| **All Others Similarly Situated,** | : | |
| | : | |
| **Plaintiffs,** | : | |
| | : | |
| **v.** | : | **Case No. 1:20-cv-00013-SRC** |
| | : | |
| **SAINT FRANCIS HEALTHCARE** | : | |
| **SYSTEM,** | : | |
| | : | |
| **Defendant.** | : | |
| | : | |

**ORDER AND JUDGMENT**

**GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT**

Before the Court is Plaintiffs' Unopposed Motion requesting that the Court enter an Order granting final approval of the class action Settlement involving Plaintiffs Teresa Mowery and Gregory Rutledge ("Plaintiffs" or "Settlement Class Representatives") and Defendant Saint Francis Healthcare System ("Defendant") as fair, reasonable, and adequate.

Having reviewed and considered the Settlement Agreement and the Motion for Final Approval of the Settlement, and having conducted a Final Approval Hearing, the Court makes the findings and grants the relief set forth below approving the Settlement upon the terms and conditions set forth in this Final Order and Judgment.

**THE COURT** not being required to conduct a trial on the merits of the case or determine with certainty the factual and legal issues in dispute when determining whether to approve a proposed class action settlement; and

**THE COURT** being required under Rule 23(e) to make the findings and conclusions hereinafter set forth for the limited purpose of determining whether the Settlement should be approved as being fair, reasonable, adequate and in the best interests of the Settlement Class;

**IT IS ON THIS 22nd day of December, 2020,**

**ORDERED** that:

1.      The Settlement involves allegations in Plaintiffs' Class Action Complaint that Defendant failed to safeguard and protect the personally identifiable information and/or protected health information of its patients and that this alleged failure caused injuries to Plaintiffs and the Class.

2.      The Settlement does not constitute an admission of liability by Defendant, and the Court expressly does not make any finding of liability or wrongdoing by Defendant.

3.      Unless otherwise noted, words spelled in this Order with initial capital letters have the same meaning as set forth in the Settlement Agreement.

4.      On August 17, 2020, the Court entered an Order which, among other things: (a) approved the Notice to the Settlement Class, including approval of the form and manner of notice under the Notice Program set forth in the Settlement Agreement; (b) provisionally certified a class in this matter, including defining the class, appointed Plaintiffs as the Settlement Class Representatives, and appointed Settlement Class Counsel; (c) preliminarily approved the Settlement; (d) set deadlines for opt-outs and objections; (e) approved and appointed the Claims Administrator; (f) set the date for the Final Approval Hearing.

5.      In the Order Granting Preliminary Approval of Class Action Settlement, pursuant to Rule 23(b)(3) and 23(e), the Court defined the Settlement Class for settlement purposes only. The Court defined the Settlement Class as follows:

> All individuals whose Private Information was received, gathered, shared, obtained, or otherwise found itself in the possession of Saint Francis Medical

Center and potentially impacted by the cybersecurity incident involving the legacy systems of Ferguson Medical Group discovered on or about September 21, 2019 (the "Ransomware Attack" or "Incident").

The Settlement Class specifically excludes: (i) Defendant's officers, directors, and employees; (ii) any entity in which Defendant has a controlling interest; (iii)  the affiliates, legal representatives, attorneys, successors, heirs, and assigns of Defendant; and (iv) are members of the judiciary to whom this case is assigned, their families and members of their staff.

6.      Based on the papers filed with the Court and the presentations made to the Court by the Parties and other interested persons at the final approval hearing, and pursuant to Federal Rule 23(e)(2), the Court now grants final approval to the Settlement and finds that the Settlement Agreement is fair, reasonable, adequate, and in the best interests of the Settlement Class Members, because: Plaintiffs and Class Counsel have adequately and capably represented the Settlement Class; the Settlement Agreement was negotiated at arms-length between the Parties and only reached following a mediation with the assistance of the Hon. Morton Denlow (Ret.) of JAMS Chicago; the monetary relief provided for the Settlement Class constitutes adequate compensation, taking into account the risks that both sides faced with respect to the merits of the claims alleged and remedies requested, the costs, risks, and delay of trial and appeal, the hurdles involved in maintaining a class action, and the expense and duration of further litigation, as well as the other factors listed in Federal Rule 23(e)(2)(C); and the Settlement Agreement treats Settlement Class Members equitably relative to each other. Therefore, the Settlement is finally approved.

7.      The Settlement Agreement provides, in part, and subject to a more detailed description of the settlement terms in the Settlement Agreement, for:

a.      A process by which Settlement Class Members can submit claims for both credit monitoring services and compensation that will be evaluated by a Claims

Administrator mutually agreed upon by Settlement Class Counsel and Defendant.

b.    Defendant to pay all Notice and Administration Costs.

c.    Defendant to pay a Court-approved Incentive Award in the amount not to exceed $2,500 to each named Plaintiff.

d.    Defendant to pay Court-approved attorneys' fees, costs, and expenses of Settlement Class Counsel in an amount not to exceed $170,000.

8.    The terms of the Settlement Agreement are fair, reasonable, and adequate, and are hereby approved, adopted, and incorporated by the Court. The Parties, their respective attorneys, and the Claims Administrator are hereby directed to consummate the Settlement  in accordance with this Order and the terms of the Settlement Agreement.

9.    Notice of the Final Approval Hearing, the proposed motion for attorneys' fees, costs, and expenses, and the proposed Incentive Award have been provided to Settlement Class Members as directed by this Court's Orders, and an affidavit or declaration of the Settlement Administrator's compliance with the Notice Program has been filed with the Court.

10.    The Court finds that such Notice as therein ordered, constituted the best possible notice practicable under the circumstances and constitutes valid, due, and sufficient notice to all Settlement Class Members in compliance with the requirements of Rule 23(c)(2).

11.    As of the final date of the Opt-Out Period, fifteen (15) potential Settlement Class Members have submitted a valid Opt-Out Request to be excluded from the Settlement. The names of those persons are set forth in Exhibit A to this Order. Those persons are not bound by this Final Order and Judgment, as set forth in the Settlement Agreement.

12.    The Court has considered all the documents filed in support of the Settlement, and

has fully considered all matters raised, all exhibits and affidavits filed, all evidence received at the Final Approval Hearing, all other papers and documents comprising the record herein, and all oral arguments presented to the Court.

13.     Pursuant to the Settlement Agreement, Defendant, the Claims Administrator, and the Claims Referee shall implement the Settlement in the manner and time frame as set forth herein.

14.     Pursuant to the Parties' agreement at the Final Approval Hearing, the Court approves the following deadlines for payment of approved claims made to the Claims Administrator: within seven (7) days of the Claims Finalization Date, the Settlement Administrator shall provide Counsel for the Parties the spreadsheet called for by ¶ 49(*l*) of the Settlement Agreement (the "Final Claims List"). Within fourteen (14) days of receiving the Final Claims List, Defendant or its insurer shall pay to the Settlement Administrator the Settlement Payment. Within seven (7) days of receiving the Settlement Payment, the Settlement Administrator shall pay claims and provide information on the Experian credit-monitoring and identity-restoration product as required by ¶¶ 49(*l*) and 49(o) of the Settlement Agreement.

15.     If any checks to Settlement Class Members are not cashed within 90 days, the Parties shall make reasonable efforts to contact the recipients and reissue payment as needed. On or before August 25, 2021, the Parties shall file with the Court a proposal for disbursement from the Settlement Fund of any unclaimed amount, or shall notify the Court that all funds have been claimed.

16.     Pursuant to the Settlement Agreement, Plaintiffs and the Settlement Class Members release claims against Defendant and all Released Parties, as defined in the Settlement Agreement, as follows:

any claims, demands, actions, or causes of action that each Class member has, had, or may ever have, now or in the future, known or unknown, arising out of or in any way related to the Ransomware Attack and/or Released Parties' recordkeeping or data security policies and practices, whether or not those claims, demands, actions, or causes of action have been pleaded or otherwise asserted, including any and all damages, losses, or consequences thereof ("Released Claims").

Released Claims shall not include the right of any Settlement Class Member or any of the Released Parties to enforce the terms of the Settlement Agreement and shall not include the claims of those persons identified in Exhibit A to this Order who have timely and validly requested exclusion from the Settlement Class.

17.     On the Effective Date, (i) Plaintiffs, the Settlement Class Members, and each of their predecessors, successors, heirs, executors, administrators, and assigns of each of the foregoing, and anyone claiming by, through, or on behalf of them (collectively and individually, the "Releasors"), and (ii) Settlement Class Counsel and each of their past and present law firms, partners, or other employers, employees, agents, representatives, successors, or assigns will be deemed to have, and by operation of the Final Order and Judgment shall have, fully, finally, completely, and forever released and discharged the Released Parties from the Released Claims.

18.     The Court approves payment of attorneys' fees, costs, and expenses to Class Counsel in the amount of $170,000. This amount shall be paid separate from the Settlement Fund in accordance with the terms of the Settlement Agreement. The Court, having considered the materials submitted by Class Counsel in support of final approval of the Settlement and their request for attorneys' fees, costs, and expenses and in response to any timely filed objections thereto, finds the award of attorneys' fees, costs, and expenses appropriate and reasonable for the following reasons: First, the Court finds that the Settlement provides substantial benefits to the Settlement Class. Second, the Court finds the payment fair and reasonable in light of the substantial work performed by Class Counsel. Third, the Court concludes that the Settlement was negotiated

at arm's length without collusion, and that the negotiation of the attorneys' fees only followed agreement on the settlement benefits for the Settlement Class Members. Finally, the Court notes that the Class Notices specifically and clearly advised the Settlement Class Members that Class Counsel would seek an award in the amount sought.

19.     The Court approves payment of an Incentive Award in the amount of $2,500 for each of the Settlement Class Representatives, and specifically finds such amount to be reasonable in light of the services performed by Plaintiffs for the Settlement Class, including taking on the risks of litigation and helping achieve the compensation made available to the Settlement Class. This amount shall be paid separate from the Settlement Fund in accordance with the terms of the Settlement Agreement.

20.     The matter is hereby dismissed with prejudice and without costs except that the Court reserves jurisdiction over the consummation and enforcement of the Settlement.

21.     In accordance with Rule 23, this Final Order and Judgment resolves all claims against all parties in this Action and is a final order. There is no just reason to delay entry of final judgment in this matter, and the Clerk is directed to file this Order as the final judgment in this matter.

IT IS SO ORDERED this 22nd day of December 2020.

_____
**STEPHEN R. CLARK**
**UNITED STATES DISTRICT JUDGE**

# EXHIBIT A

*Mowery et al. v. Saint Francis Healthcare System*
United States District Court, Eastern District of Missouri, Cape Girardeau Division
Case No. 1:20-cv-00013-SRC


Excluded Individuals:

1.      Lindsey D. Ellis

2.      Layla Ellis

3.      Layken R. Ellis

4.      Dwayne Matthew Ford

5.      Brent Hann

6.      Heather Hann

7.      Ethan Hann

8.      Isaac Hann

9.      Loretta Hedges

10.     Laura Richardet

11.     Margaret A. Simpson

12.     Shirley Partin

13.     Mary Westrich

14.     Gary Arnac

15.     Kenneth O'Neal